**In re Robert H. ST. JOHN, Debtor.**

**Bankruptcy No. 98–20602.**

United States Bankruptcy Court,
D. Connecticut.

June 8, 1998.

---

Anthony S. Novak, Chorches & Novak, P.C., Wethersfield, CT, for Trustee.

Laura A. Klein, Hampton and Hampton, Canton, CT, for Debtor.

*MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION OF AN ANNUITY*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Robert H. St. John, the debtor, on February 13, 1998, filed a Chapter 7 petition in which, pursuant to Bankruptcy Code § 522(d)(10)(E), he claimed as exempt a "Transamerica Occidental Life Insurance annuity from Step-father Wallace Murray Corp. Group Trust Fund (life benefit—no actual value)" ("the annuity"). Anthony S. Novak, the Chapter 7 trustee, timely filed an objection to this exemption contending the annuity does not qualify as a federal exemption. The debtor and the trustee submitted the matter to the court on a stipulation of facts and briefs.

### II.

The debtor, then aged sixty-nine, purchased the annuity on May 1, 1992 for approximately $40,000. The debtor had inherited the $40,000 from the probate estate of his stepfather. The annuity policy issued by Transamerica Occidental Life Insurance Company ("Transamerica") describes itself as a "Single Premium Life Annuity Nonparticipating," with a date of issue of May 1, 1992, a date of first annuity payment of May 1, 1992, and with Transamerica to make monthly payments of $373.53 to the debtor "for as long as the Annuitant shall live." *Exh. A.* The annuity policy further states that it has no "cash or surrender values" and shall "terminate on the death of the Annuitant" and that "[a]n assignment of this policy shall not be binding ... until recorded at [Transamerica's] Home Office." *Id.*

### III.

Section 522(d)(10)(E) provides that a debtor may claim an exemption in the debtor's right to receive

a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

11 U.S.C. § 522(d)(10)(E).

It is clear from the stipulated facts that the debtor's annuity was not established "on account of illness, disability, death, age or length of service." The annuity simply provides for monthly payments to the debtor to begin immediately upon his purchase of the annuity and to continue throughout the debtor's life. This annuity comes neither within the plain language of § 522(d)(10)(E) nor within its purpose. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess., at 362 (1977) ("Paragraph 10 exempts certain benefits that are akin to future earnings of the debtor."). *See also In re Neto,* 215 B.R. 939, 946 (Bankr. D.N.J.1997) (holding that an annuity purchased by the state of New Jersey to fund payments of the debtor's state lottery winnings was not exempt pursuant to § 522(d)(10)(E) because the annuity was not "on account of illness, disability, death, age, or length of service" and the lottery proceeds were not intended to be substitutes for future earnings); *In re Miller,* 16 B.R. 790, 791–92 (Bankr.D.Md.1982) (concluding that lottery winnings paid from an annuity contract were not exempt under § 522(d)(10)(E) because "[t]he Code expressly provides that the only form of annuity contract subject to exemption is one 'on account of illness, disability, death, age, or length of service.'"). The debtor's annuity is simply another form of previously acquired cash, property of his estate and not exemptable.[1]

---

1. It is unnecessary to discuss the parties' further arguments regarding the extent to which the annuity payments are "reasonably necessary for the support of the debtor."

## IV.

The trustee's objection to the debtor's claim of exemption for the annuity is sustained, and the exemption must be, and hereby is, denied.

It is

**SO ORDERED.**

### *JUDGMENT*

The Court has issued a memorandum of event date in accordance with which the objection of the trustee, Anthony S. Novak, to the exemption claimed by the debtor, Robert H. St. John, to an annuity is sustained, and the exemption is denied.