# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4311

_____

In Re:  Nadine F. Eilbert,       *
                                   *

          Debtor.       *

-----------------------------------------------  *

Nadine F. Eilbert,       *

                                   *   Appeal from the United States

         Appellant,     *   Bankruptcy Appellate Panel
                                   *   for the Eighth Circuit.

       v.             *

                                   *

David Dennis Pelican; Anita L.   *
Shodeen,                  *

                                 *

         Appellees.     *

_____

Submitted:  May 14, 1998
Filed:  December 7, 1998

_____

Before BEAM, LOKEN, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Debtor Nadine F. Eilbert appeals a judgment of the Eighth Circuit Bankruptcy Appellate Panel[1] affirming an order of the United States Bankruptcy Court for the

_____

[1]The HONORABLE ROBERT J. KRESSEL, United States Bankruptcy Judge for the District of Minnesota, authored the opinion for a Panel that included the

Southern District of Iowa[2] that disallowed a claimed exemption in an annuity contract. The asset at issue is a single premium variable annuity purchased by an elderly annuitant with the proceeds of her husband's estate for the purpose of using a subsequent bankruptcy to free those proceeds from the claim of a judgment creditor. The question is whether this asset qualifies for the exemption for "a payment under a pension, annuity, or similar plan or contract on account of . . . age" in Iowa Code § 627.6(8)(e). Answering that question in the negative, we affirm.

Eilbert's husband was killed in a July 1994 auto accident in which David Pelican was seriously injured. Mr. Eilbert left a substantial estate, $489,916 of which passed to Eilbert outside probate. In August 1994, Pelican sued Eilbert, as joint owner of the auto, and Mr. Eilbert's estate, seeking substantial damages. Because the Eilberts had only $100,000 in automobile liability insurance, Eilbert and her attorney attempted to protect her assets should the personal injury suit result in a large judgment in favor of Pelican. On October 27, 1994, the 74-year-old Eilbert purchased a $450,000 single premium variable annuity, electing to begin receiving annuity payments on January 1, 1995. The annuity contract provides that Eilbert will receive monthly payments equal to a ten percent annual return during her lifetime, with the balance divided at her death between two of her children. In 1995, Eilbert received monthly payments totalling $46,641. The annuity achieved a sixteen percent rate of return that year and grew in value to $480,820 as of December 4, 1995, when Eilbert filed her bankruptcy petition.

In November 1995, a state court entered judgment in favor of Pelican and against Eilbert and her husband's estate in the amount of $662,502.06. Eilbert filed a Chapter 7 bankruptcy petition on December 4, claiming her $480,820 interest in the annuity as

HONORABLE BARRY S. SCHERMER, United States Bankruptcy Judge for the Eastern District of Missouri, and the HONORABLE NANCY C. DREHER, United States Bankruptcy Judge for the District of Minnesota.

[2]The HONORABLE RUSSELL J. HILL, Chief Judge.

exempt under Iowa Code § 627.6(8)(e). Pelican and the Chapter 7 trustee filed objections to this exemption. The bankruptcy court sustained the objections, the Bankruptcy Appellate Panel affirmed, and Eilbert appeals. As the second reviewing court, we apply the same standards as the Bankruptcy Appellate Panel, reviewing the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. See In Re Gateway Pacific Corp., 153 F.3d 915, 917 (8th Cir. 1998); 28 U.S.C. § 158.

Iowa has "opted out" of the federal exemptions allowed under the Bankruptcy Code. See 11 U.S.C. § 522(b); Iowa Code § 627.10. Therefore, Eilbert's claim of exemption must be determined under Iowa law. See In re Huebner, 986 F.2d 1222, 1224 (8th Cir.), cert. denied, 510 U.S. 900 (1993).

In 1981, the Iowa General Assembly rewrote Iowa Code § 627.6, the statute that exempts specific classes of property owned by Iowa residents from execution by a judgment creditor. One of the new provisions, § 627.6(9)(e), exempted

> The debtor's rights in . . . [a] payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

This exemption was modeled on the nearly identical federal exemption found in 11 U.S.C. § 522(d)(10)(E). Congress described that federal exemption as "exempt[ing] certain benefits that are akin to future earnings of the debtor." H.R. Rep. 95-595, at 362 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6318. When an Iowa statute is borrowed from similar federal legislation, the Iowa courts "presume our legislature intended what Congress intended." City of Davenport v. Public Employment Relations Bd., 264 N.W.2d 307, 313 (Iowa 1978).

In 1986, the Iowa General Assembly amended and renumbered this exemption. The result was the statute here at issue, § 627.6(8)(e), which exempts

> The debtor's rights in . . . [a] payment or a portion of a payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, unless the payment or a portion of the payment results from contributions to the plan or contract by the debtor within one year prior to the filing of a bankruptcy petition, which contributions are above the normal and customary contributions under the plan or contract, in which case the portion of the payment attributable to the contributions above the normal and customary rate is not exempt.

Eilbert argues her single premium variable annuity is exempt because (i) it is an "annuity," (ii) she purchased it more than one year before bankruptcy, and (iii) she began receiving payments at age 74, "well past retirement age under any definition." Exemption statutes are construed liberally, but for the purpose of achieving the legislative intent, not to "extend the provisions of the legislative grant." Iowa Methodist Hosp. v. Long, 12 N.W.2d 171, 175 (Iowa 1943); see Wertz v. Hale, 234 N.W. 534, 535 (Iowa 1931); In re Wiley, 184 B.R. 759, 766 (N.D. Iowa 1995); Matter of Knight, 75 B.R. 838, 839 (Bankr. S.D. Iowa 1987). Eilbert's contention, if adopted, would convert a statute intended to protect "benefits that are akin to future earnings" -- which for the elderly are typically retirement earnings -- into a statute conferring vastly broader bankruptcy protection. As the bankruptcy court observed:

> If annuity payments were "on account of age" merely because the debtor purchased the annuity when she was past retirement age, all persons past retirement age should move their assets into such an annuity and then file bankruptcy. . . . Under this scheme, no debtor past retirement age would have any assets subject to execution, could live in a million-dollar home, have a substantial stream of income, virtually live off his creditors, and yet be judgment proof.

Bearing in mind these general principles, we agree with the Bankruptcy Appellate Panel that the single premium variable annuity in question is not exempt under the specific language of § 627.6(8)(e) for two independent reasons.

## A.  The Asset Is Not a "Pension, Annuity, or Similar Plan or Contract."

Iowa Code § 627.6(8)(e) exempts a "debtor's rights in . . . [a] payment or a portion of a payment under a pension, annuity, or similar plan or contract . . . ."  The Bankruptcy Appellate Panel held that Eilbert's annuity "does not fall within the category of exemptible investments enumerated in" this statute.  Eilbert argues that her annuity falls within the plain language of the statute -- any annuity, according to Eilbert, is an "annuity" for purposes of § 627.6(8)(e).  We disagree.

As the Bankruptcy Appellate Panel noted, "'annuity' is a purely generic term which refers to the method of payment and not to the underlying nature of the asset."[3] When interpreting statutory language, the Iowa courts apply recognized rules of statutory construction to give effect to legislative intent.  See Johnson v. Johnson, 564 N.W.2d 414, 417 (Iowa 1997).  In this case, because the term "annuity" is broad and generic, we apply the interpretive canons *noscitur a sociis* (a term is known from its associates) and *ejusdem generis* (general words in an enumeration are construed as similar to more specific words in the enumeration).  See Fleur de Lis Motor Inns, Inc. v. Bair, 301 N.W.2d 685, 690 (Iowa 1981).  These canons are employed "to avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words."  Gustafson v. Alloyd Co., 513 U.S. 561, 575 (1995).  Accordingly, we determine the meaning of "annuity" by reference to the words surrounding it in § 627.6(8)(e), "pension . . . or similar plan or contract."

---

[3]See also BLACK'S LAW DICTIONARY 90 (6th ed. 1990) (annuity is "[a] right to receive fixed, periodic payments, either for life or for a term of years"); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 88 (1986).

A pension is a "[r]etirement benefit paid regularly . . . based generally on length of employment and amount of wages or salary," in other words, "[d]eferred compensation for services rendered." BLACK'S LAW DICTIONARY 1134 (6th ed. 1990). Because "pension" is the more specific word, it restricts the meaning of "annuity" in § 627.6(8)(e). When dealing with a claim for exemption of an annuity payment "on account of age," the conjunction of the two words suggests that "annuity," like "pension," describes a plan or contract to provide benefits in lieu of earnings after retirement, whether funded by the employer or purchased by the employee or the self-employed.[4] Likewise, the catchall provision, "similar plan or contract," includes within the exemption other types of retirement plans or investments that are "created to fill or supplement a wage or salary void." Matter of Pettit, 55 B.R. 394, 397-98 (Bankr. S.D. Iowa) (profit sharing plan exempt), aff'd, 57 B.R. 362 (S.D. Iowa 1985). This construction of the term "annuity" is consistent with the language and purpose of the federal exemption in 11 U.S.C. § 522(d)(10)(E), on which the Iowa exemption was based. It is also consistent with the 1986 amendments to Iowa Code § 627.6. Those amendments broadened the exemption in new subsection (8)(e) by repealing the reasonably-necessary-for-support limitation found in former subsection (9)(e), but the new statute excluded from the exemption recent contributions "above the normal and customary contributions under the plan or contract." Of course, single premium annuity contracts have no "normal and customary contributions," suggesting that at least most such annuities are outside the purview of § 627.6(8)(e).

The payments received by Eilbert under her single premium annuity investment are not "akin to future earnings." The payments do not replace lost income, and the annuity was not purchased with contributions over time as part of a long term retirement strategy. Instead, the annuity was purchased with non-exempt, inherited

---

[4]Similarly, the court in In re Wiley, 184 B.R. at 766, properly construed the exemption for payments "on account of disability" as limited to that part of a personal injury settlement annuity that "can be allocated to loss of earning capacity."

assets as a prebankruptcy planning measure by a prospective debtor who happened to have already reached retirement age. We agree with the Bankruptcy Appellate Panel that this investment was not a "pension, annuity, or similar plan or contract" within the meaning of § 627.6(8)(e). Accord In re Gagne, 166 B.R. 362, 365 (Bankr. D. Minn. 1993) (construing similar Minnesota exemption), rev'd in part on other grounds, 179 B.R. 884 (D. Minn. 1994).

## B. The Payments Are Not "on Account of . . . Age."

Eilbert's claim to an exemption under § 627.6(8)(e) fails for the additional reason that her rights in the annuity payments are not "on account of [her] age." As the Bankruptcy Appellate Panel recognized, this issue is controlled by our decision in In re Huebner, where we held that payments were not "on account of age" because the annuitant had "unfettered discretion to receive payments at any time under any of the three payment options, subject only to relatively modest penalties for withdrawals before age 59 ½." 986 F.2d at 1225. Here, the annuity contract gave Eilbert complete discretion to select the "retirement date" on which monthly payments were to begin. She selected January 1, 1995 -- a date only two months after the annuity's effective date and not linked to her age. Moreover, although the contract provides for monthly payments equal to ten percent of the annuity corpus each year, it gives Eilbert unfettered discretion at any time to make larger partial withdrawals, or to surrender the annuity for a lump sum distribution, subject only to withdrawal charges that decline from seven percent to two percent over the first six years of the contract. Eilbert argues that these charges are "substantial restrictions" that distinguish her annuity from the nonexempt annuities in Huebner. But the "relatively modest penalties" to which we referred in Huebner, 986 F.2d at 1225, were the ten percent federal tax imposed on Individual Retirement Annuity distributions taken before age 59½. See 26 U.S.C. § 72(t). We agree with the bankruptcy court that Eilbert's control over her single premium annuity "is not substantially restricted."

Finally, Eilbert argues that her annuity is exempt under <u>Huebner</u> because we commented that if the debtor had "invested his savings in retirement annuities that prevented him from withdrawing funds prior to his reaching retirement age . . . payments under those annuities would have been exempt under § 627.6(8)(e)." 986 F.2d at 1225. But this contention turns our decision in <u>Huebner</u> on its head. Eilbert's inability to withdraw funds before reaching normal retirement age is a consequence of her age when she purchased the annuity, not an age restriction imposed by the annuity contract. An elderly annuitant's age at the inception of the contract does not automatically mean that all payments under the annuity are "on account of age."

For the foregoing reasons, the judgment of the Bankruptcy Appellate Panel is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.