**In re Robert D. COLLETT and Barbara H. Collett, Debtors.**

**No. 00–30464.**

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

Oct. 2, 2000.

---

Walter E. Williams, Joplin, MO, for debtors.

Norman E. Rouse, Joplin, MO, trustee.

## MEMORANDUM OPINION AND ORDER

JERRY W. VENTERS, Bankruptcy Judge.

This case comes before the Court at this point on the Trustee's Objections to Exemptions filed on August 29, 2000. Specifically, the Trustee objects to the Debtors' claim of exemption in a single premium annuity owned by Robert Collett. The Debtors seek to exempt monthly payments of $257.42 from the annuity under MO. REV. STAT. § 513.430(10)(e), but the Trustee contends that the annuity is not exempt under § 513.430(10)(e) because the annuity was created for Robert Collett as a form of inheritance (which would not be exempt) and not "on account of illness, disability, death, age or length of service" as is required by the statute.

The Court held a hearing on this matter at the Federal Courthouse in Joplin, Missouri, on September 21, 2000. At the conclusion of the hearing, the Court took the matter under advisement. After a review of the evidence and consideration of the relevant law, the Court is now ready to rule.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Memorandum Opinion and Order constitutes the Court's Findings of Fact and Conclusions of Law as required by Federal Rule of Bankruptcy Procedure 7052.

The factual background will be developed in the Discussion section as is necessary for our consideration of the issues presented.

## DISCUSSION

The Debtors, Robert Collett ("Robert") and Barbara Collett ("Barbara") claim an exemption in the annuity pursuant to MO. REV. STAT. § 513.430(10)(e). Section 513.430(10)(2) provides, in pertinent part:

Property exempt from attachment—
...Any payment under a stock bonus plan, pension plan, disability or death benefit plan, profit-sharing plan, non-public retirement plan or any similar plan described, defined, or established pursuant to 456.072, RSMo, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person...

MO. REV. STAT. § 513.430(10)(e) (West 2000). At the hearing, the Debtors produced evidence sufficient to persuade the Court that the annuity is reasonably necessary for the support of Robert and Barbara.[1] Consequently, the only issue left for the Court to determine is whether the annuity owned by Robert qualifies as the type of annuity contemplated by § 513.430(10)(e), *i.e.*, that it is on account of illness, disability, death, age or length of service. We limit our discussion accordingly.

■ Section 513.430(10)(e) of the Missouri exemption provisions is "virtually identical" to that found in the federal exemption scheme. *Checkett v. Vickers (In re Vickers)*, 954 F.2d 1426, 1429 (8th Cir. 1992).[2] Congress described that federal exemption as "exempting certain benefits that are akin to future earnings of the debtor." *Eilbert v. Pelican (In re Eilbert)*, 162 F.3d 523, 525 (8th Cir.1998)(quoting H.R. Rep. 95–595 at 362 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6318). The purpose of the exemption is to replace lost wages, such as those lost on account of the recipient's age, *Eilbert, supra*, or disability, *In re Wiley*, 184 B.R. 759, 765 (N.D.Iowa 1995), or for the support of surviving dependents (*i.e.*, on account of the guardian's death). The annuity at issue here does not fall into any of these categories.

■ Robert's annuity can be traced directly back to a gift from Tille F. McConnell, Robert's aunt. Apparently, Tille set up a trust for estate planning purposes, and when she died (sometime in 1996) certain provisions of her trust went into effect, namely, paragraph 13 of the trust which provided for the gift to Robert. It reads:

"BOB COLLETT (Nephew) FIFTEEN THOUSAND and NO 00/100 Dollars

($15,000.00). In the event the amount of this gift exceeds FIFTEEN THOUSAND DOLLARS and is going to BOB COLLETT, the Trustee is either to establish an annuity account paying out over a period of ten (10) years, or to pay out the amount in such increments as the Trustee deems proper in his or her sole and absolute discretion."

As it turned out (for reasons that are not entirely clear), the gift to Robert amounted to $50,102.40. Consequently, under the terms of the trust, the trustee had the option to establish an annuity, which would automatically make payments to Robert, or to make discretionary, incremental disbursements to Robert. The trustee chose the annuity option, and, on February 22, 1999, he purchased a single premium annuity for $50,102.40, which would provide for monthly payments of $257.42 to Robert for Robert's lifetime.

■ Based on these facts it is clear that the annuity Robert received was nothing more than a an inheritance received in the form of an annuity, and as such, cannot be exempted. While exemption statutes are to be liberally construed, *Murray v. Zuke*, 408 F.2d 483 (8th Cir.1969), a bankruptcy court must be careful not to depart substantially from the express language of the exemption statute or to extend the legislative grant as expressed by Congress. *In re Goertz*, 202 B.R. 614, 618 (Bankr.W.D.Mo.1996)(citing *In re Davis*, 136 B.R. 203, 207 (Bankr.S.D.Iowa 1991)). And although the Court is sympathetic to the hardships the Debtors currently face, to apply § 523.430(10)(e) to Robert's annuity would be a drastic departure from the express language of the exemption statute and an unwarranted extension of the legislative grant. The express language of the statute exempts annuities "on account of death," but Robert's annuity was not on

---

**1.** *See In re Guentert*, 206 B.R. 958, 964 (Bankr.W.D.Mo.1997)(listing the factors courts consider in determining whether payments are reasonably necessary for the support of the debtor and/or his dependents.)

**2.** *See* 11 U.S.C. § 522(d)(10)(E).

account of death; rather, it was the result of, or "on account of," the trustee's choice of form in which to give Robert his inheritance. If the trustee had chosen to make discretionary disbursements, there would be no question that the gift from Tille was an inheritance and nothing more. The fact that the gift was indirectly triggered by his aunt's death and took the form of an annuity, does not make it exempt. Moreover, because Robert was not a dependent of Tille before she died, the annuity cannot be construed as a replacement for lost wages (Tille's), as Congress intended the statute to be applied.

Therefore, for all of these reasons, it is

**ORDERED** that the Trustee's Objection to Exemption be and is hereby SUSTAINED.

**SO ORDERED.**