**John C. WEIDMAN, Sharon L. Weidman, Appellants/Plaintiffs,**

**v.**

**Mark H. SHAPIRO, Appellee/Defendant.**

**No. CIV.02–74325.**

United States District Court, E.D. Michigan, Southern Division.

Aug. 7, 2003.

Kurt A. O'Keefe, Detroit, MI, for Appellants.

Mark H. Shapiro, Steinberg & Shapiro, Tracy M. Clark, Gold, Lange, Southfield, MI, for Appellee.

## OPINION AND ORDER

FEIKENS, District Judge.

Appellants John and Sharon Weidman appeal the bankruptcy court's denial of an exemption for an interest in an annuity under 11 U.S.C. § 522(d)(10)(E). For the reasons discussed below, appellant's motion to dismiss is granted, and the judgment of the bankruptcy court is affirmed.

### Background

In 1987, appellant Sharon Weidman's mother drafted her last will and testament in which she bequeathed to her daughter a portion of her estate in the form of an annuity. In accordance with the terms of the will, when appellant's mother died in January, 1990, appellant purchased an annuity which provided a monthly payment of $1,000.00 for a period of nineteen years and three months.

On May 10, 2002, Sharon Weidman and her husband John filed a joint chapter 7 petition. On Schedule B—Personal Property, the Weidmans disclosed the annuity and valued it at $84,000. On Schedule C—Property Claimed Exempt, the Weidmans listed the annuity and claimed it exempt under § 522(d)(10)(E). The trustee filed objections to the claimed exemption.

Following a hearing, U.S. Bankruptcy Court, Judge Steven W. Rhodes found that the annuity does not qualify for exemption under § 522(d)(10)(E). Appellant filed a timely appeal in this court. Before the

court is appellee's motion to dismiss the appeal.[1]

### Analysis

■ The issue presented on appeal is whether the bankruptcy court erred by denying an exemption for appellant's annuity under 11 U.S.C. § 522(d)(10)(E). In accordance with Fed. Rules Bankr.Proc. Rule 8013, 11 U.S.C.A., I review the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law de novo. *In re Baker & Getty Financial Services, Inc. v. Rafoth,* 106 F.3d 1255, 1259 (6th Cir.1997).

■ Section 522(d)(10)(E) provides, in relevant part, that a debtor may claim an exemption in the debtor's right to receive:

a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor[.]

11 U.S.C. § 522(d)(10)(E). Appellee argues, and the bankruptcy court agreed, that appellant's annuity does not qualify for an exemption because the right to receive payments is not premised upon illness, disability, death, age, or length of service. As the bankruptcy court noted, the House Report indicates that the drafters of § 522(d)(10)(E) intended the exemption to cover benefits that are "akin to future earnings of the debtor." H.R.Rep. No. 595, 95th Cong. 1st Sess. 362 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad. News, 5787, 6318.

■ The argument made by appellant in this case, that *any* annuity qualifies as an "annuity" for the purposes of an exemption

under § 522(d)(10)(E) has been considered and rejected because of the clear intent of that section. *Eilbert v. Pelican (In re Eilbert),* 162 F.3d 523 (8th Cir.1998). In determining whether an asset is exempt under § 522(d)(10)(E), courts employ a three-part test. The right to a benefit is exempt only if the payments:

(1) are received pursuant to a "stock bonus, pension, profit sharing, annuity, or similar plan or contract,"

(2) are "on account of illness, disability, death, age or length of service," and

(3) are reasonably necessary for the debtor's support or for the support of a dependent of the debtor.

*Eilbert,* 162 F.3d at 527–28. In *Eilbert,* the United States Court of Appeals for the Eighth Circuit rejected an exemption claimed by a debtor for an annuity funded by the proceeds of her deceased husband's estate. The court found that the payments received by the debtor were not "akin to future earnings" because they did not replace lost income, and thus, did not qualify for an exemption. *Id.* at 527.

■ Appellant argues that her benefits are paid on account of her mother's death, and should therefore qualify for an exemption under § 522(d)(10)(E). However, this is precisely the argument that was considered and rejected by in *Eilbert.* Appellant cannot satisfy the requirement that her payments are replacement for lost income or akin to future earnings, and thus, her annuity does not qualify for an exemption under § 522(d)(10)(E).

### Conclusion

For these reasons, and for the rationale articulated in the well-reasoned opinion of the bankruptcy court, I find that appellant

---

**1.** It should be noted that appellee's motion to dismiss argues that appellant's claim before this court is moot. I find that it is not necessary to reach the mootness argument because I find appellant's claim deficient on the merits.

does not qualify for an exemption under § 522(d)(10)(E). Therefore, appellee's motion to dismiss is hereby GRANTED, and the judgment of the bankruptcy court is hereby AFFIRMED.

**IT IS SO ORDERED.**