**In re Eric Nathan KUHRTS, Debtor.**

**No. 08–20502–drd.**

United States Bankruptcy Court,
W.D. Missouri.

May 20, 2009.

Shelley L. Forrest, Boul & Associates, P.C., Harry D. Boul, Columbia, MO, for Debtor.

*MEMORANDUM OPINION*

DENNIS R. DOW, Bankruptcy Judge.

Debtor Eric Kuhrts ("Debtor") claimed payments from an annuity as exempt and Janice Harder, the Chapter 7 Trustee ("Trustee"), objected to the claimed exemption. These are core proceedings under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). The Court held a hearing on this matter at the Federal Courthouse in Jefferson City, Missouri, on April 16, 2009. At the conclusion of the hearing, the Court took the matter under advisement. After a review of the evidence and consideration of the relevant law, I am now ready to rule. The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Pro-

cedure as made applicable to this proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that Debtor's annuity is not exempt and the Trustee's objection is sustained. *See* Mo. Rev.Stat. § 513.430(10)(e).

## I. FACTUAL BACKGROUND

The Debtor is currently employed by the University of Missouri and is attending night school to become an EMT. At the time of his bankruptcy filing he had been employed as a truck driver for several years. He is twenty-eight years old and lives with his companion and twenty-two month old son. When he was fifteen, Debtor sustained an injury to his knee and ankle in a motorcycle accident. He received an artificial knee cap and testified that he still suffers pain from his injuries. Following the accident, the Debtor entered into a structured settlement agreement under which he was to receive periodic cash payments. All of these payments have been received or sold except the final sum of $10,000 which is due to be distributed on March 22, 2011. The Debtor claims this payment is exempt as an annuity on account of a disability under Mo.Rev.Stat. § 513.430(10)(e).

## II. DISCUSSION

Section 522 of the Bankruptcy Code provides for exemptions that a debtor may claim from property of the estate, but provides a state with the opportunity to "opt out" of the federal exemption scheme and provide its own exemptions. *See* 11 U.S.C. § 522. Missouri has "opted out" of the federal scheme, thus requiring a debtor to claim only those exemptions allowed under state law or federal non-bankruptcy law. *See* Mo.Rev.Stat. § 513.427.

█ As the party objecting to the exemption, the Trustee has the burden of proof that the exemption should not be allowed. Fed. R. Bankr.Proc. 4003(c). The Debtor claims his interest in the annuity is exempt under § 513.430(10)(e) of the Missouri Revised Statutes which provides, in pertinent part:

> Property exempt from attachment ... Any payment under a stock bonus plan, pension plan, disability or death benefit plan, profit-sharing plan, nonpublic retirement plan or any similar plan described, defined, or established pursuant to RSMo § 1.456.072, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person ...

Mo. Rev Stat. § 513.430(10)(e) (West 2009). For the statute to apply three conditions "must satisfied: (1) the payments must be received pursuant to a plan or contract of the kind described; (2) payments must be made on account of illness, disability, death, age or length of service; and (3) they must be reasonably necessary for the support of the debtor and the debtor's dependents." *In re Bonuchi*, 327 B.R. 428 (Bkrtcy.W.D.Mo.2005); *Cf. In re Andersen*, 259 B.R. 687, 690 (8th Cir. BAP 2001) (interpreting identical language in 11 U.S.C. § 522(d)(10)(E)). Neither party disputes that the payment owed to the Debtor results from an annuity, which is one of the plans described. As none of the other categories apply to the facts of this case, the payment, in order to qualify for the exemption, must be made on account of disability. The Trustee disputes that the annuity plan fulfills this description and that it is reasonably necessary for the Debtor's support. Because I find that the payments do not relate to a disability as contemplated by the legislature, I do not reach the question of whether they fulfill the "reasonably necessary" requirement.

From the language and the context of the statute it is apparent that the Missouri legislature intended the section "to apply to benefits received as a result of, or related to, employment." *In re Stover*, 332 B.R. 400 (Bkrtcy.W.D.Mo.2005). Courts have defined "disability" as meaning a "loss of earning capacity" and not a "loss of bodily function." *In re Wiley*, 184 B.R. 759, 765 (N.D.Iowa 1995). In interpreting virtually identical language in the federal exemption scheme, the Eighth Circuit found that Congress described the exemption it drafted as "exempting certain benefits that are akin to future earnings of the debtor." *Eilbert v. Pelican*, 162 F.3d 523, 525 (8th Cir.1998) (quoting H.R. Rep. 95–595 at 362). The statute is not intended to exempt annuity payments unrelated to employment or earnings. *Stover* at 403.

This court has required that annuity payments replace future lost wages in order to qualify for the exemption. For example, in *Bonuchi* the disability exemption was found to apply to a debtor who, as a result of an injury at work, received monthly payments for life. The court found that the "purpose of permitting a debtor to exempt payments to be received under an annuity or similar plan is to protect payments which function as wage substitutes." *Id.* at 432; *See also In re Skipper*, 274 B.R. 807 (Bkrtcy.W.D.Ark. 2002) ("The exemption is intended to protect payments that support basic living requirements during the time of life when earning capacity is limited by age, disability, or illness.").

While the exemption laws are enacted to provide relief to the debtor and are to be liberally construed, *In re Schissler*, 250 B.R. 697, 700 (Bankr.W.D.Mo. 2000), a bankruptcy court must be careful to not substantially depart from the express language of the exemption or "to extend the legislative grant as expressed by Congress." *In re Goertz*, 202 B.R. 614, 618 (Bankr.W.D.Mo.1996); *In re Collett*, 253 B.R. 452, 454 (Bkrtcy.W.D.Mo.2000).

Allowing the claimed exemptions here would be a departure from the language and intent of the exemption statute. The Debtor testified that he has never been certified as disabled and has never received disability payments. The motorcycle accident did not result from the Debtor's employment. At the time of his injury, the Debtor was in high school and earned money mowing yards. He had another job lined up but had to forgo this opportunity due to his injury. The Debtor testified that part of the settlement he received was to cover the wages he lost from being unable to take that position. Any portion of the agreement meant to compensate the Debtor for losing this job offer addressed income lost as a direct result of the injury when it occurred. The settlement was not intended to replace his future earning capacity.

Debtor acknowledged in his pleadings that his injury has not prevented him from finding employment. At the time he filed for bankruptcy, Debtor was employed for several years as a truck driver. He testified that he would be willing to take another, similar, job if he could. He is currently going to night school to become an EMT and drive an ambulance. If there was a period where the Debtor's wage earning ability was limited, it must have ended when he resumed working for wages at or above his pre-injury level. There is no evidence that the parties, at the time the Debtor was injured, contemplated that the injury would undermine his ability to find additional work opportunities. Rather, since the accident he has actively sought and engaged in productive employment.

The evidence presented at the hearing was sufficient to establish that the annuity

was not related to employment and that it was not created to compensate for diminished wage earning potential. Expanding the Missouri exemption statute to cover annuities outside of lost earnings or employment would depart from the language of the statute and the legislature's intent.

Therefore, for the above reasons, I find that the Debtor's annuity payment is not exempt under Mo.Rev.Stat. § 513.430(10)(e) and I SUSTAIN the Chapter 7 Trustee's Objection.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.