# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 16-6033

_____

In re: Carol Lee Helming, Formerly doing business as Budweiser Inn, Inc,
Formerly doing business as Budweiser Inn Inc.

*Debtor*

------------------------------

Carol Lee Helming

*Debtor - Appellant*

v.

John C. Reed

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 7, 2017
Filed: May 4, 2017

_____

Before SALADINO, Chief Judge, SCHERMER and SHODEEN, Bankruptcy
Judges.

_____

SCHERMER, Bankruptcy Judge

Carol Lee Helming (Debtor) appeals from the bankruptcy court's[1] order sustaining the objection of John Reed, Trustee (Trustee) and holding that monthly payments due to the Debtor under a single premium annuity are not exempt under MO. REV. STAT. § 513.430.1(10)(e). We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons that follow, we affirm.

## ISSUE

The issue in this appeal is whether the Debtor was entitled to exempt under MO. REV. STAT. § 513.430.1(10)(e) her right to receive payments under a single premium annuity that she purchased pre-petition.

## BACKGROUND

The Debtor alleges no error with the bankruptcy court's findings of fact. The relevant facts are undisputed.

The Debtor filed a petition for relief under Chapter 7 of title 11 of the United States Code (Bankruptcy Code). On her schedules, the Debtor listed as an asset a $100,000 single premium annuity purchased from Kansas City Life Insurance Company in May, 2013 (Annuity). The Debtor valued the Annuity at $436, which is the monthly payment she receives from it. The Debtor claimed an exemption in the Annuity in the amount of $436.[2]

---

[1]     The Honorable Dennis R. Dow, United States Bankruptcy Judge for the Western District of Missouri.

[2]     Interestingly, since the value of the claimed exemption was only $436, the trustee could have claimed the value of the the annuity exceeding $436 without objecting to the exemption claim. *See Soost v. NAH, Inc. (In re Soost)*, 262 B.R. 68, 73-74 (B.A.P. 8th Cir. 2001)("We hold that the debtor's $1.00 exemption effectively exempted an interest in the subject real estate equal to $1.00 in value, nothing more.").

In December, 2012, the Debtor's husband died. Prior to his death, the couple had considered selling their residence. Shortly after her husband's death, the Debtor sold the residence.

Using some of the proceeds from the sale of her home, the Debtor purchased the Annuity with a single premium of $100,000. From the balance of the proceeds from the sale of her residence, the Debtor also paid $13,000 to each her stepson, his wife and their two children (total of $52,000). The Debtor elected for the Annuity to provide her with monthly payments in the amount of $436 for her life, with a guaranty of 20 years of payments. The monthly Annuity payments commenced 30 days after its purchase.

Through a corporation the Debtor's husband owned a tavern and the Debtor helped with tavern operations. The Debtor and her husband were obligated for debts incurred by two deeds of trust on the building the tavern occupied. The commercial property was placed on the market in 2010 and it remained listed for several years, but no offers were received at any listed price.

As of March 2013, shortly before the purchase of the Annuity, a payment had been missed on the note secured by the second deed of trust held by Rural Missouri, Inc. (RMI) on the commercial property. The RMI note had previously been modified because of the corporation's inability to make its payments. In the next month, the corporation made its last mortgage payment, closed its bank account and closed the tavern. The Debtor testified that the business had not been profitable after the construction of the new building and that she was concerned about how the debt on the building would be paid. A financial statement provided by the Debtor in July 2013 showed her to be insolvent from a balance sheet perspective.

After RMI received no proceeds from the September 2013 foreclosure of the commercial property by the first lienholder, RMI filed suit against the Debtor. From

the time commencing approximately two months prior to the Debtor's purchase of the Annuity until the filing of RMI's lawsuit, the Debtor and RMI had several meetings and communications and exchanged information concerning the debt owed to RMI, including (prior to the time of the foreclosure sale) discussions of a possible short sale and deficiency to RMI.

After the Debtor filed her March 2016 bankruptcy petition, the Trustee objected to her claim of exemption in the Annuity payments. The bankruptcy court held that the monthly Annuity payments due to the Debtor do not qualify for an exemption under MO. REV. STAT. § 513.430.1(10)(e).

**STANDARD OF REVIEW**

"[I]n determining whether the bankruptcy court properly interpreted the case authority or correctly applied [MO. REV. STAT. §413.530.1(10)(e)] to the facts, our review is *de novo*. *Andersen v. Ries (In re Andersen)*, 259 B.R. 687, 691 (B.A.P. 8th Cir. 2001); *Foellmi v. Ries (In re Foellimi)*, 473 B.R. 905, 907-908 (B.A.P. 8th Cir. 2012) (determination that debtor was not entitled to an exemption was a question of law).

**DISCUSSION**

"The Bankruptcy Code allows debtors to exempt certain property from their bankruptcy estates, which are otherwise comprised of all the debtor's legal or equitable interests in property." *Abdul–Rahim v. LaBarge (In re Abdul-Rahim),* 720 F.3d 710, 712 (8th Cir. 2013) (citing 11 U.S.C. §§522(d) and 541(a)). The Trustee bears the burden of proving that the Debtor did not properly claim the exemption. *See* Fed. R. Bankr.P. 4003(c).

Exemption laws are to be liberally construed. *See Eilbert v. Pelican (In re Eilbert)*, 162 F.3d 523, 526 (8th Cir. 1998); *In re Kuhrts*, 405 B.R. 333, 335 (Bankr. W.D. Mo. 2009). However, "a bankruptcy court must be careful to not substantially depart from the express language of the exemption or 'to extend the legislative grant

as expressed by Congress.' " *Kuhrts*, 405 B.R. at 335(quoting *In re Goertz*, 202 BR. 614, 618 (Bankr. W.D. Mo. 1996)) (citation omitted); *see also Eilbert*, 162 F.3d at 526.

Generally, a debtor may exempt property that is exempt under § 522(d), or under applicable state law and federal law other than § 522(d). 11 U.S.C. §§522(b)(1), (2) and (3). A state may opt out of the § 522(d) federal bankruptcy law exemptions. 11 U.S.C. § 522(b)(2). Pursuant to MO. REV. STAT. § 513.427, Missouri has opted out of the federal bankruptcy law exemption scheme.

The Debtor claimed an exemption under MO. REV. STAT. § 513.430.1(10)(e), which states:

> 1. The following property shall be exempt from attachment and execution to the extent of any person's interest therein:
> . . .
> (10) Such person's right to receive:
> . . .
> (e) Any payment under a stock bonus plan, pension plan, disability or death benefit plan, profit-sharing plan, nonpublic retirement plan or any plan described, defined, or established pursuant to section 456.014, the person's right to a participant account in any deferred compensation program offered by the state of Missouri or any of its political subdivisions, or annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person. . . .

MO. REV. STAT. § 513.430.1(10)(e).

As § 513.430.1(10)(e) shows, the right to receive payment must meet three requirements to satisfy the statute, it must be: (1) from a plan or contract of the kind described; (2) made "on account of illness, disability, death, age or length of service;" and (3) reasonably necessary for the debtor's support or for the support of a dependent

of the debtor. *See Kuhrts*, 405 B.R. at 334 (interpreting the Missouri statute); *see also Rousey v. Jacoway*, 544 U.S. 320, (2005) (interpreting 11 U.S.C. § 522(d)(10)(E)); *Andersen*, 259 B.R. at 691 (same). The Trustee does not dispute the third requirement under the statute, that the monthly Annuity payment is necessary for the Debtor's support. We focus our attention on the second statutory requirement, that the payment be "on account of illness, disability, death, age or length of service." Because we do not think that requirement has been met, we do not address the first requirement, that the right to receive payment be from a plan or contract of the kind described in the statute.

It is clear that the Annuity payments were not on account of illness, disability or length of service. As did the bankruptcy court, we address whether the payments were on account of death or age.[3]

The Debtor argues that the Annuity payments are exempt as being on account of her husband's death because his death was the reason why she purchased the Annuity, *i.e.,* that her intent when purchasing the Annuity was to replace wages or income after her husband's death. We disagree with the Debtor's position. The reason for purchasing the Annuity is not the relevant inquiry when analyzing the second statutory requirement, that the payment be "on account of illness, disability, death, age or length of service."[4]

---

[3]     Although the bankruptcy court stated that the Debtor appeared to argue that the right to receive the Annuity payments was on account of both her age and her husband's death, at oral argument and in her briefs, the Debtor limited her argument on appeal to the payments being on account of death, abandoning her argument that the payments were exempt on account of age.

[4]     We do not need to determine whether the Debtor's husband's death (*i.e.,* her intent to have income after his death) was in fact the reason why she purchased the Annuity.

The right to receive the ***payments*** under the Annuity that the Debtor claims as exempt must be because one of the events set forth in the statute.

In *Rousey v. Jacoway*, 544 U.S. 320 (2005), the Supreme Court interpreted an exemption under Bankruptcy Code § 522(d)(10)(E),[5] which pertains to rights to payment "on account of illness, disability, death, age, or length of service." The Court, "interpreted the phrase 'on account of' . . . to mean 'because of,' thereby requiring a causal connection between the term that the phrase 'on account of' modifies and the factor specified in the statute at issue." *Id*. at 326 (citing *Bank of Am.Nat. Trust and Sav. Assn. v. 203 North LaSalle Street P'ship*, 526 U.S. 434, 450–451 (1999)). It stated that "[t]hus, 'on account of' in § 522(d)(10)(E) requires that the right to receive payment be 'because of' illness, disability, death, age, or length of service." *Id.* at 326-327; *see also Huebner v. Farmers State Bank (In re Huebner)*, 986 F.2d 1222, 1225 (8th Cir. 1993) ("present right to receive annuity payments does not depend upon [debtor] having reached age 65, nor upon the occurrence of any of the other triggering events enumerated in [the Iowa statute] such as illness, disability or death."). We agree with the bankruptcy court that *Rousey's* interpretation of the federal exemption guides our interpretation of MO. REV. STAT. § 513.430.1(10)(e) because the language of the statutes is sufficiently similar. *Checkett v. Vickers (In re Vickers)*, 954 F.2d 1426, 1429 (8th Cir. 1992) (Missouri statute "virtually identical to that found in the federal exemption scheme."); *see also In re Stover*, 332 B.R. 400, 403 (Bankr. W.D. Mo. 2005) (citing *Vickers*, 954 F.2d at 1429); *In re Collett*, 235 B.R. 452, 454 (Bankr. W.D. Mo. 2000) (same).

---

[5]     Section 522(d)(10)(E) allows a debtor to exempt his right to receive:

a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor . . . .

The Annuity payments are not exempt as being on account of the death of the Debtor's husband. The payments to the Debtor under the Annuity were not triggered by her husband's death, but by her choice to begin receiving payments within 30 days of payment of the premium. The right to receive payments was two steps removed from her husband's death, namely sale of the house and her choice of when to begin receiving payments. In addition, the Annuity was purchased months after the husband's death. As the bankruptcy court stated, the husband's death was simply "part of the background." *See, e.g., In re Weidman,* 284 B.R. 837, 841 (Bankr. E.D. Mich. 2002), *aff'd sub nom., Weidman v. Shapiro*, 299 B.R. 429 (E.D. Mich. 2003) (annuity payments not exempt under §522(d)(10)(E) "on account of" death of debtor's mother where, in accordance with mother's will, the debtor purchased a single premium annuity with guaranteed monthly payments for over 19 years); *In re Collett*, 253 B.R. 452, 454-455 (Bankr. W.D. Mo. 2000) (single premium annuity was only indirectly triggered by debtor's aunt's death and was not exempt as being "on account of" her death under the Missouri statute where it resulted from the choice given by the aunt to a trustee regarding the form in which to give the debtor his inheritance.).

Although the Debtor abandoned on appeal her argument that the Annuity payments are exempt as being on account of her age because her age was a reason why she purchased the Annuity, we state our agreement with the bankruptcy court's rejection of that position. The Debtor's reason for purchasing the Annuity is not the relevant inquiry. Rather, her right to receive payment must be because of (or triggered by) her age. The Annuity payments began 30 days after the Annuity was issued solely because that was the date the Debtor chose. As the bankruptcy court stated, "her age was not a triggering event making her eligible to receive payment under the [A]nnuity." *See Eilbert*, 162 F.3d at 528 (Debtor chose to begin receiving payments shortly after the annuity's purchase date and not linked to her age and "[a]n elderly annuitant's age at the inception of the contract does not automatically mean that all payments under the annuity are 'on account of age.' "); *Andersen*, 259 B.R.

at 693 ("[T]he fact that the debtor is near or at retirement age when the annuity is purchased does not create a presumption that the payments are being made on account of the debtor's age. Rather, the date the benefit payments are to begin should be related to the debtor's age."); *Weidman*, 284 B.R. at 841 (debtor's right to receive payments began at the time of the annuity's purchase and the fact that was when the debtor was a certain age did not mean the annuity was "on account of age.").

According to the Debtor, the Missouri statute is more expansive than Bankruptcy Code § 522(d)(10)(E) and other state annuity exemption statutes because: (1) the reference to "death benefit plan" in the Missouri statute which is absent from the other statutes;[6] and (2) the use of the word "any" at the beginning of the Missouri statute when referring to exempt payments, rather than the use of the word "a" in other statutes. We disagree. The Debtor has not satisfactorily articulated why these minor differences mean that the rule otherwise applicable for interpreting the phrase "on account of" does not apply.

The Debtor focuses on *In re Cox*, No. 09-20013-659, 2009 WL 3754101 (Bankr. E.D. Mo. Nov. 4, 2009) (a case that the Debtor's counsel admits was not presented by the Debtor to the bankruptcy court). She argues that the bankruptcy court's decision is contrary to the decision in *Cox*, in which there was no pre-existing death benefit plan but the annuity payments met the requirements of the Missouri statute. We respectfully disagree with the conclusion in *Cox*. First, the only reference to the annuity payment being on account of death is a single sentence that "[t]here is no dispute that the [a]nnuity provides a payment to [d]ebtor on account of Spouse's death." Second, there is no discussion of this and we are left in doubt whether this is the court's conclusion or the parties' agreement.

---

[6]     The Debtor does not claim that the payments were pursuant to a death benefit plan.

**CONCLUSION**

For the reasons stated, the decision of the bankruptcy court is affirmed.

---