**In re Lloyd V. COOPER, III and Tamara J. Cooper, Debtors.**

**Lloyd V. COOPER, III and Tamara J. Cooper, Plaintiffs,**

v.

**NEBRASKA STUDENT LOAN PROGRAM, INC., Defendant.**

**Bankruptcy No. 92–22431–7C. Adv. No. 93–6019.**

United States Bankruptcy Court, D. Kansas.

May 24, 1994.

---

**6.** The Stigge Chapter 12 case was filed in Topeka and assigned to the writer, who has now trans-ferred to Kansas City.

James H. Thompson, Jr., Kansas City, MO, for debtors/plaintiffs.

Thomas L. Griswold, Payne & Jones, Chartered, Overland Park, KS, for defendant Nebraska Student Loan Program, Inc.

### MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

Lloyd V. Cooper, III, and Tamara J. Cooper appear by their attorney, James H. Thompson, Jr., Kansas City, Missouri. Nebraska Student Loan Program, Inc. ("NSLP"), appears by its attorney, Thomas L. Griswold of Payne & Jones, Chartered, Overland Park, Kansas.

The debtors filed for relief under Chapter 13 on November 24, 1992. A Chapter 13 plan was confirmed on March 24, 1993, but because the debtors could not make the plan payments, they converted their case to Chapter 7 on October 5, 1993.

During the Chapter 13 case, the debtors filed a complaint seeking to except student loans due NSLP from discharge for undue hardship as allowed by 11 U.S.C. § 523(a)(8). Tamara Cooper was named as a plaintiff in the complaint, but the student loans at issue are those of Lloyd Cooper only. NSLP counterclaimed for the unpaid balance of the loans, a nondischargeability ruling, reasonable attorney's fees, and costs of collection. The Court finds that repayment of the student loans would impose an undue hardship on the debtor and his dependents and grants debtor a discharge of the student loan indebtedness under 11 U.S.C. § 523(a)(8)(B).

In the Final Pretrial Order, the parties stipulate to the following facts:

A. The Plaintiff, Lloyd V. Cooper, III executed a promissory note payable to The Bank of Horton on June 30, 1988, in the amount of $4,000.00 (First Note) with an interest rate of 9.34% (variable).

B. That Plaintiff, Lloyd V. Cooper, III executed a promissory note payable to The Bank of Horton on June 30, 1988, in the amount of $2,625.00 (Second Note) with an interest rate of 8% (fixed).

C. That the Plaintiffs have made no payments on the Notes.

D. That the amount due and owing on the First Note as of March 1, 1993 is $4,770.92, plus interest at a rate of 9.34% (variable).

E. That the amount due and owing on the Second Note as of March 1, 1993 is $3,383.65 plus interest from March 1, 1993 at the rate of 8% (fixed).

F. That the Notes did not become due and owing more than seven (7) years prior to the filing of the Plaintiffs' Bankruptcy Petition.

The parties further stipulate and agree that the law governing this case is Federal law and Kansas law.

The parties further stipulate and agree that the only fact issue to be decided by the Court is undue hardship.

(Final Pretrial Conference Order filed September 10, 1993, at 3.)

The Court held a trial on November 18, 1993, at which Mr. and Mrs. Cooper were witnesses. Defendant called no witnesses, but offered exhibits into evidence which the Court received.

Defendant's Exhibit 3 shows that as of November 4, 1993, Mr. Cooper's student loan indebtedness was $4,973.23 on the first note and $3,522.66 on the second note, for a total debt of $8,495.89, plus interest.

The original repayment schedule on the first note called for 106 consecutive monthly payments of $60.00 beginning January 12, 1989, with a final payment of $87.38. At some point, the repayment schedule was modified. The current repayment schedule calls for 78 consecutive monthly payments of $89.91, beginning March 23, 1992, with a final payment of $89.92.

The second note requires 63 consecutive monthly payments of $50.00 beginning August 5, 1989, with a final payment of $91.59. Each note entitles the holder to reasonable attorney's fees and collection costs.

Although the stipulations state that the debtor made no payments on the student loans, several exhibits reveal that the debtor did make three payments. [See Defendant's Exhibit 3, Note Outline, and Defendant's Exhibit 4, Affidavit of Stephanie Rosselle, Supervisor of the Bankruptcy Unit for NSLP.] Mr. Cooper testified that the three payments resulted from the debtors' previous Chapter 13 plan.

According to the testimony, Mr. and Mrs. Cooper have three children: a six-month old daughter, a one-and-a-half-year old son, and a six-year old daughter.

In December of 1991, after a complicated, high risk pregnancy, Mrs. Cooper gave birth to twin sons. The twins, two-and-one-half months premature, were hospitalized for several months. One of the boys died from complications related to his premature birth. The other survived, but continues to suffer from medical problems which include a lung disorder known as bronchial pulmonary displacive. The son sees doctors frequently for reoccurring respiratory problems. This condition requires that he receive oxygen and respiratory therapy on a regular basis and have monthly medical checkups. The physicians have told the Coopers that their son will continue to experience respiratory problems indefinitely, although the problems may decrease as he reaches adulthood.

The Coopers' oldest daughter also suffers from respiratory problems, including asthma. She, too, requires routine doctor's visits, medication, and breathing treatments.

Mrs. Cooper suffers from micro valve prolapse which occurred after the twins' birth and again after the birth of her youngest daughter. While she does not need regular medical treatment for this condition, she does need attention when an attack occurs. When this happens, the cost of necessary medical treatment not covered by insurance is approximately $300.00.

Mr. Cooper has been a production worker for Wonder Bread Bakery for four years. His current monthly net income of approximately $1,600.00 is now being paid under a union contract which expired May 6, 1994. He does not anticipate any wage increase in the foreseeable future. Mrs. Cooper was recently employed by Boatman's Bank, at a monthly net income which she estimates at $1,000.00.

The family's expenses have changed since they filed their bankruptcy petition. The debtors' housing cost has increased because of their move to a larger apartment, a move necessitated by their third child's birth and the space needed for their son's medical equipment. Day care expenses also increased to $55.00 per week. The couple's only automobile, a 1984 Dodge van, will be paid off in February of 1995. However, because both debtors are now employed, they need another vehicle which they plan to purchase when the van is paid off.

Hoping to obtain an accounting degree, Mr. Cooper used the student loan proceeds to attend Platt College in Shawnee Mission, Kansas. However, shortly after he enrolled, the school went out of business and cancelled all classes, leaving Mr. Cooper without a degree. After the school closed, he sought and obtained his present employment with Wonder Bread.

Mr. Cooper testified that garnishments by medical care providers prompted the original decision to file for Chapter 13 relief. The conversion of that case to Chapter 7 was occasioned by their inability to make the $80.00 per month plan payment.

Debtors' Exhibit A shows total monthly income of $2,645.08; debtors' Exhibit B shows total monthly expenses of $2,880.00.

 The debtor had the burden of proof to establish the following three-part test of hardship dischargeability under § 523(a)(8)(B):

(1) That the debtor cannot maintain, based on current income and expenses, a "minimum" standard of living for himself and his dependents if forced to repay the loans;

(2) That additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) That the debtor has made good faith efforts to repay the loans.[1]

The Court finds that the evidence shows the debtor and his dependents' expenses exceed their monthly income. The expenses listed on debtors' Exhibit A are reasonable and the Court accepts the debtors' testimony that they do not anticipate any significant increase in their income in the foreseeable future.

The testimony regarding the medical conditions of Mrs. Cooper and the children, particularly their son, supports a finding that additional circumstances exist which indicate the debtors' current state of affairs will continue for a significant portion of the repayment period of the student loans. The Court finds that Mr. Cooper's attempt to repay the student loans by initially filing a Chapter 13 case, through which NSLP received three payments, is sufficient to establish the debtor's good faith effort to repay the loans.

Accordingly, the Court finds that the debtor has carried the burden of proof to show that the repayment of the student loan obligations would impose an undue hardship on him and on his dependents. Lloyd V. Cooper, III, is granted a discharge from his indebtedness to Nebraska Student Loan Program, Inc. under 11 U.S.C. § 523(a)(8)(B). The relief requested in defendant's counterclaim is denied.

This Memorandum Opinion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a). This proceeding is core under 28 U.S.C. § 157. The Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984 (D.Kan.Rule 705).

IT IS TO ORDERED.

---

1. This test comes from 2 David Epstein, Steve H. Nickles, James J. White, *Bankruptcy* § 7–33, at 398 (1992) (citing *Brunner v. New York State Higher Educ. Services*, 831 F.2d 395, 396–97 (2nd Cir.1987)).