# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 07-6046 WM

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Farmland Industries, Inc., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| GAF Holdings, LLC, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiff-Appellant, | * | Western District of Missouri |
| | * | |
| v. | * | |
| | * | |
| Philip Rinaldi; Stanley Riemann; | * | |
| Robert Terry; Pegasus Partners II, L.P.; | * | |
| Pegasus Investors II, L.P.; Pegasus | * | |
| Capital Partners, L.P.; J.P. Morgan Trust | * | |
| Company, National Association, in its | * | |
| capacity as Trustee of the FI Liquidating | * | |
| Trust, | * | |
| | * | |
| Defendants - Appellees. | * | |

Submitted: November 26, 2007
Filed: December 5, 2007

Before KRESSEL, Chief Judge, SCHERMER and MCDONALD, Bankruptcy
Judges

SCHERMER, Bankruptcy Judge

GAF Holdings, LLC ("GAF") appeals the bankruptcy court order dismissing with prejudice its complaint against Philip Rinaldi ("Rinaldi"); Stanley Riemann ("Riemann"); Robert Terry ("Terry"); Pegasus Partners II, L.P.; Pegasus Investors II, L.P.; Pegasus Capital Partners, L.P. (the three Pegasus entities are referred to herein as "Pegasus"); and J.P. Morgan Trust Company, National Association in its capacity as Trustee of the FI Liquidating Trust ("Liquidating Trustee"). We conclude that the complaint is beyond the subject matter jurisdiction of the bankruptcy court and therefore remand with instructions to dismiss for lack of subject matter jurisdiction.

ISSUE

The issue on appeal is whether the bankruptcy court has subject matter jurisdiction over a complaint between non-debtor entities seeking damages for intentional interference with a business expectancy and civil conspiracy. We conclude that the bankruptcy court lacks subject matter jurisdiction over the complaint.

BACKGROUND

On March 2, 2007, GAF filed its complaint alleging misconduct on the part of Rinaldi, Riemann, Terry, and Pegasus in connection with the 2004 sale of a refinery and fertilizer complex in Coffeyville, Kansas to Coffeyville Resources, LLC ("Purchaser"). At the time of the sale, the Coffeyville complex was part of the Chapter 11 bankruptcy estate of Farmland Industries, Inc. ("Farmland"). Riemann and Terry were officers of Farmland or one of its subsidiaries. The Purchaser was a subsidiary of one of the Pegasus entities formed for the purpose of acquiring the Coffeyville complex. Rinaldi was an executive with Pegasus and an officer and director of the Purchaser. The sale was conducted according to procedures approved by the bankruptcy court. GAF failed to qualify as a bidder under the sale procedures. The bankruptcy court approved the sale to the Purchaser by order dated November 14, 2003.

2

On December 19, 2003, the bankruptcy court entered its order confirming Farmland's plan. Pursuant to the plan, Farmland transferred certain assets to a liquidating trust to liquidate and distribute proceeds to certain creditors of and interest holders in Farmland. The Liquidating Trustee is the trustee of that trust.

On February 2, 2004, GAF filed a motion pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024 to set aside the sale order as the product of collusion between Riemann, Terry, and the Purchaser. After discovery and a hearing, the bankruptcy court denied the motion. On February 20, 2004, the court entered an amended order approving the sale.

Three years later, GAF filed the complaint with the bankruptcy court again alleging misconduct in connection with the sale of the Coffeyville complex. In the complaint, GAF sought damages against Rinaldi, Riemann, Terry and Pegasus for intentional interference with business expectancy and conspiracy.[1] GAF also named the Liquidating Trustee as a defendant in the complaint, however sought no damages against the Liquidating Trustee. Instead GAF sought to force the Liquidating Trustee to set forth any interest the Liquidating Trust might have in any proceeds of the litigation.

Each defendant filed a motion to dismiss the complaint for various reasons. The Liquidating Trustee sought a dismissal for lack of subject matter jurisdiction. The bankruptcy court dismissed the complaint with prejudice as an impermissible collateral attack on the prior orders approving the sale and for failing to state a claim upon which relief can be granted. The bankruptcy court denied the Liquidating Trust's motion to dismiss for lack of subject matter jurisdiction as moot.

---

[1] GAF named Black Diamond Capital Management, L.L.C. as a defendant. Black Diamond Capital Management, L.L.C. is not a party to this appeal.

GAF appealed the order dismissing its complaint. At oral argument, we raised the issue of subject matter jurisdiction and granted the parties additional time to brief the issue.

## STANDARD OF REVIEW

Before addressing the merits of an appeal, this court must first determine that it has subject matter jurisdiction. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). In order to answer this question, we must determine whether the bankruptcy court had jurisdiction over the complaint. *Id*. We make this determination *de novo*.

## DISCUSSION

Bankruptcy courts are courts of limited jurisdiction which is derived from statute. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). District courts have original and exclusive jurisdiction of all bankruptcy cases and original but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code or arising in or related to a bankruptcy case. 28 U.S.C. § 1334(a) and (b). District courts may in turn refer any or all bankruptcy cases and any or all proceedings arising under the Bankruptcy Code or arising in or related to a bankruptcy case to the judges of the bankruptcy courts for the district. 28 U.S.C. § 157(a)(1). Bankruptcy judges may hear and determine all bankruptcy cases and all core proceedings arising under the Bankruptcy Code or arising in a bankruptcy case. 28 U.S.C. § 157(b)(1). Core proceedings are actions which arise only in bankruptcy or involve a right created by federal bankruptcy law. *Specialty Mills*, 51 F.3d at 773.[2] Bankruptcy judges may also hear non-core proceedings that are otherwise related to a bankruptcy case. 28 U.S.C. § 157(c).

---

[2] For a non-exclusive a list of core proceedings, see 28 U.S.C. 157(b)(2).

GAF's complaint involves a dispute between non-debtor third parties grounded in state tort law and is therefore not a core proceeding arising under the Bankruptcy Code nor in a bankruptcy case. The question we must decide is whether the complaint falls within the bankruptcy court's jurisdiction over non-core matters related to Farmland's bankruptcy case. We conclude that it does not.

Congress did not define "related to" jurisdiction. *Celotex*, 514 U.S. at 307-08. The words suggest a jurisdictional grant of some breadth. *Id.* "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984), citing H.R. Rep. No. 95-595, at 43-48 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6004-08, quoted in *Celotex*, 514 U.S. at 308. "Related to" jurisdiction gives the bankruptcy courts jurisdiction over more than simple proceedings involving property of the debtor or the bankruptcy estate. *Celotex*, 514 U.S. at 308. The test for "related to" jurisdiction has been articulated as "whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*." *Id.* An action is related to bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

Despite its breadth, "related to" jurisdiction is not limitless. *Celotex*, 514 U.S. at 308.

> The jurisdiction of the bankruptcy courts to hear cases related to bankruptcy is not without limit, however, and there is a statutory, and eventually constitutional limitation to the power of a bankruptcy court. For subject matter jurisdiction to exist, therefore, there must be some nexus between the "related" civil proceeding and the [bankruptcy] case.

*Pacor*, 743 F.2d at 994.

5

The mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the bankruptcy court's subject matter jurisdiction. *Pacor*, 743 F.2d at 994. Likewise, judicial economy does not justify federal jurisdiction. *Id.* Jurisdiction over non-bankruptcy controversies between third parties who are otherwise strangers to the civil proceeding and to the bankruptcy case does not exist. *Id.*, citing *In re Haugh*, 19 B.R. 223, 224-25 (Bankr. D. Ore. 1982).

The *Pacor* test has been adopted in this Circuit. *Specialty Mills*, 51 F.3d at 774; *Abramowitz v. Palmer*, 999 F.2d 1274 (8th Cir. 1993); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Titan Energy, Inc. (In re Titan Energy, Inc.)*, 837 F.2d 325, 329-30 (8th Cir. 1988); *Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir. 1987); *National City Bank v. Coopers & Lybrand*, 802 F.2d 990, 994 (8th Cir. 1986); *Safeco Ins. Co. of America v. Farmland Indus., Inc. (In re Farmland Indus., Inc.)*, 296 B.R. 793, 803-04 (B.A.P. 8th Cir. 2003); *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 891 (B.A.P. 8th Cir. 2001).

The type and stage of a bankruptcy proceeding impact the analysis of "related to" jurisdiction. Jurisdiction may extend more broadly in the context of a Chapter 11 reorganization than in a Chapter 7 liquidation. *Celotex*, 514 U.S. at 310. In the instant case, Farmland's liquidating plan was confirmed years ago. Therefore, the case is akin to a Chapter 7 liquidation in which the bankruptcy court's "related to" jurisdiction is not necessarily so broad.

Applying the "related to" test to GAF's complaint we conclude that the bankruptcy court lacks subject matter jurisdiction over it. The complaint is between a disgruntled entity which did not purchase the Coffeyville complex and certain non-debtor individuals and entities who played a role in the sale. The complaint does not seek to undo the sale; rather it seeks damages for the tort of intentional interference

6

with a business expectancy. The sale is a necessary element of the alleged tort and therefore a pre-requisite to GAF's suit. *See Lange v. Schropp (In re Brook Valley VII, Joint Venture)*, 496 F.3d 892, 899 (8th Cir. 2007).

The facts underlying the complaint center around the conduct of a sale of assets from Farmland's bankruptcy estate. However, common facts do not create subject matter jurisdiction. *Pacor*, 743 F.2d at 994. The bankruptcy judge is familiar with the sale and the entities involved in the dispute because he has ruled on the validity of the sale on at least three prior occasions: when he approved the sale in November of 2003; when he denied GAF's motion seeking to set aside the sale order; and when he entered the amended sale order. Nonetheless, judicial economy does not justify jurisdiction. *Id.*

No conceivable bankruptcy administrative purpose will be served by GAF's complaint. *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 837 (4th Cir. 2007). GAF is not seeking recovery for the benefit of Farmland's creditors or interest holders. To the contrary, GAF named the Liquidating Trustee as a defendant for the sole purpose of seeking a determination that Farmland's creditors and interest holders have no right to the tort damages it seeks in the complaint. The outcome of the suit will have no impact on the distributions to creditors or interest holders pursuant to a liquidating plan which was confirmed almost four years ago. GAF is merely seeking recovery for itself.

The defendants argue that GAF's complaint is related to the Farmland bankruptcy because it implicates the bankruptcy court's orders approving the sale. In ruling on the complaint, according to the defendants, the bankruptcy judge is merely enforcing his own prior orders. The fact that an existing order of a court may impact a subsequent dispute between different parties does not create subject matter jurisdiction over the new dispute. To the extent the complaint is a collateral attack on

7

prior orders, a defense grounded on such a theory can be presented to and evaluated by any tribunal with subject matter jurisdiction over the controversy.

The defendants also argue that Farmland has a duty to indemnify Riemann and Terry and to advance litigation costs in connection with GAF's complaint. In support of this argument, the defendants submitted an order issued by the bankruptcy court requiring the Liquidating Trustee to advance litigation costs to certain individuals in connection with litigation brought by the Liquidating Trustee against such individuals. Neither Riemann nor Terry are parties entitled to receive an advancement of litigation costs under that order which relates to litigation by the Liquidating Trustee and not by GAF. This argument is not supported by the record before this Court.

The defendants argue that Farmland's confirmed plan gives the bankruptcy court subject matter jurisdiction over GAF's complaint. This argument fails. "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004)(citing U.S. CONST. art. III, § 1.) A plan cannot create nor confer jurisdiction upon a bankruptcy court. It can merely provide for the post-petition retention of existing subject matter jurisdiction. *Harstad v. First Am. Bank*, 39 F.3d 898, 902 n.7 (8th Cir. 1994); *Valley Historic Ltd. P'ship.*, 486 F.3d at 837.

Finally, the defendants complain that GAF has reversed its position on the issue of subject matter jurisdiction. GAF affirmatively asserted jurisdiction before the bankruptcy court and lost the dispute on the merits. GAF has now changed course hoping to gain a dismissal without prejudice and another bite at the apple. GAF's complete reversal of position and the tactical advantage it will receive by this ruling is not lost on this Court. Nonetheless, we have an independent duty to evaluate subject matter jurisdiction regardless of the litigant's positions on the issue. *Specialty Mills*, 51 F.3d at 773. Accordingly we have no choice but to remand for dismissal based on lack of subject matter jurisdiction. We are confident that in the event GAF

8

elects to pursue the issues raised in its complaint in another forum, any tribunal with subject matter jurisdiction over the matter will address the merits of the dispute including any defenses based on a theory of collateral attack.

## CONCLUSION

The bankruptcy court lacks subject matter jurisdiction over GAF's state law based tort claims against non-debtor third parties. Accordingly, we remand and instruct the bankruptcy court to dismiss the complaint for lack of subject matter jurisdiction.

———————————————