# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2017

_____

In re: Anne B. Lasowski,              *

                                 *

           Debtor.        *

_____       *   Appeal from the United States

                                 *   Bankruptcy Appellate Panel

Mark T. McCarty,              *   for the Eighth Circuit.

                                 *

           Appellee,[1]     *

                                 *

     v.                      *

                                 *

Anne B. Lasowski,            *

                                 *

           Appellant.     *

_____

Submitted:  January 16, 2009
Filed: August 12, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Anne B. Lasowski, a Chapter 13 debtor, appeals a decision of the Bankruptcy Appellate Panel ("BAP") reversing the bankruptcy court's confirmation of her

_____

[1]McCarty, a Chapter 13 bankruptcy trustee, is substituted for his predecessor, David D. Coop. *See* Fed. R. App. P. 43(b).

proposed Chapter 13 plan. The BAP held that the plan should not have been confirmed over the objection of the Chapter 13 trustee, David D. Coop.[2] The BAP reasoned that Lasowski improperly deducted from her disposable income an amount that was larger than necessary to repay loans she had taken from her 401(k) retirement account. Accordingly, the BAP concluded that the plan failed to apply all of Lasowski's projected disposable income toward making payments to her unsecured creditors, and that it should not have been approved. Although our reasoning differs from that of the BAP, we affirm the BAP and reverse the decision of the bankruptcy court.

I.

On March 29, 2007, Lasowski filed a petition for relief under Chapter 13 and a proposed five-year plan in the United States Bankruptcy Court for the Eastern District of Arkansas. Lasowski's current monthly income was $3820.05, [JA 50], qualifying her as a so-called "above-median debtor" whose reasonable monthly expenses were required to be determined in accordance with 11 U.S.C. § 707(b)(2). *See* 11 U.S.C. § 1325(b)(3). The amount of her monthly expenses as determined under § 707(b)(2) was $3467.66. In addition, she had two 401(k) loans. As of the date of the petition, the first loan had a balance of $289.99, which Lasowski was required to repay with interest over six months in twelve semimonthly installments of $25.00. The second loan had a balance of $1192.24, which Lasowski was obligated to repay with interest over thirteen months in twenty-six semimonthly installments of $50.00. Thus, at the time of filing her petition, Lasowski was making a total of $150.00 per month in 401(k) loan payments. Her employer was withholding an additional $245.96 per month for her regular contribution to her 401(k) plan.

---

[2]Following the BAP's decision, Coop was replaced as Chapter 13 trustee by Mark T. McCarty, who is the appellee in this case. We refer to McCarty and Coop as "the Trustee."

A Chapter 13 plan must provide that all of the debtor's "projected disposable income . . . will be applied to make payments to unsecured creditors under the plan." *Id.* § 1325(b)(1). In connection with her bankruptcy petition, Lasowski calculated that she had a negative disposable income. From her current monthly income of $3820.05, she deducted her allowed monthly expenses of $3467.66, as well as the $395.96 total of her monthly 401(k) loan payments ($150.00) and contributions ($245.96). This resulted in a monthly disposable income of negative $43.57. Accordingly, she proposed a plan that provided only minimal payments to her nonpriority unsecured creditors.

The Trustee objected to confirmation of the plan, arguing that the plan failed to apply all of Lasowski's projected disposable income to the payment of unsecured creditors. According to the Trustee, because Lasowski's 401(k) loan payments would not continue throughout the entire five years of the plan, and would actually reduce after six months and cease after thirteen months, Lasowski had understated her disposable income. The Trustee contended that Lasowski instead should have deducted a prorated amount of her total 401(k) loan obligation, namely, $24.70 (the remaining $1482.23 owed, divided by sixty months), rather than $150.00. This calculation would have resulted in a monthly disposable income of $81.73 – or $4903.80 over the course of the five-year plan.

The bankruptcy court overruled the Trustee's objection and confirmed Lasowski's plan. *In re Lasowski*, 375 B.R. 526, 531 (Bankr. E.D. Ark. 2007). The court concluded that the Bankruptcy Code did not provide authority for the Trustee's proration approach and that Lasowski was thus allowed to deduct her current loan payment amounts when calculating disposable income. *Id.* at 530-31. The Trustee appealed to the BAP, which reversed the bankruptcy court. *Coop v. Lasowski (In re Lasowski)*, 384 B.R. 205, 213 (8th Cir. BAP 2008). The BAP reasoned that Lasowski's "projected disposable income" was merely a mechanical computation of her monthly "disposable income" extrapolated over the length of the plan, and held

that the Bankruptcy Code allowed Lasowski to deduct from her disposable income only the total of the 401(k) payments that she would actually make. On that basis, the BAP ruled that Lasowski had understated her disposable income and failed to propose sufficient payments to unsecured creditors. Lasowski appeals.

## II.

On appeal from a decision of the BAP, we act as a second reviewing court of the bankruptcy court's decision, independently applying the same standard of review as the BAP. *Eilbert v. Pelican* (*In re Eilbert*), 162 F.3d 523, 525 (8th Cir. 1998). The relevant facts in this case are undisputed, and we review the bankruptcy court's conclusions of law *de novo*. *Benn v. Cole* (*In re Benn*), 491 F.3d 811, 813 (8th Cir. 2007).

Where, as here, the trustee objects to confirmation of a debtor's Chapter 13 plan, "the court may not approve the plan unless . . . the plan provides that all of the debtor's *projected* disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1) (emphasis added). Thus, in order to confirm a plan over the trustee's objection, the bankruptcy court must calculate the debtor's projected disposable income and ensure that the plan applies the entire amount to make payments to unsecured creditors.

The Code does not define the term "projected disposable income," but it does define "disposable income," in relevant part, as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended . . . for the maintenance or support of the debtor." *Id.* § 1325(b)(2). Congress elaborated on this definition in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), providing that the "reasonably necessary" expenses of an above-median debtor like Lasowski must be determined in accordance with § 707(b)(2), another

-4-

provision added by BAPCPA. *Id.* § 1325(b)(3). Section 707(b)(2), commonly known as the "means test," sets out a structured method of calculating reasonably necessary expenses that is designed to reduce the discretion of bankruptcy courts and to ensure that debtors pay more to their unsecured creditors. *Coop v. Frederickson* (*In re Frederickson*), 545 F.3d 652, 658 (8th Cir. 2008). BAPCPA also added provisions excluding from disposable income any amounts withheld or received by employers for contributions to 401(k) and other qualified retirement plans, *see* 11 U.S.C. § 541(b)(7), and "any amounts required to repay" loans from 401(k) and other specified plans. *Id.* § 1322(f). The calculation of disposable income is implemented through Official Form 22C, the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, which every Chapter 13 debtor must complete.

Before the bankruptcy court and the BAP, and in their briefs on appeal to this court, the Trustee and Lasowski focused their arguments on the amount that the Bankruptcy Code permits Lasowski to exclude from her "disposable income" for her 401(k) contributions and her 401(k) loan repayments. This focus on the calculation of "disposable income," rather than "*projected* disposable income," was understandable given the BAP's prior holding in *Coop v. Frederickson* (*In re Frederickson*), 375 B.R. 829 (8th Cir. BAP 2007). The BAP in that case concluded that projected disposable income is simply annualized disposable income over the length of the plan. *Id.* at 835.

After the parties submitted their briefs, however, this court reversed the BAP's decision in *Frederickson*, and held that the calculation of a debtor's disposable income is just "a starting point for determining the debtor's 'projected disposable income.'" *Frederickson*, 545 F.3d at 659 (quoting 11 U.S.C. § 1325(b)(1)). The bankruptcy court's determination of *projected* disposable income also can take into account the reality of how much the debtor can afford to pay to her creditors over the length of the plan. *Id.* We explained that the court can consider other facts that demonstrate that

-5-

the disposable income calculation on Form 22C does not accurately reflect a debtor's projected ability to pay creditors in the future, such as changed personal circumstances or variances between the debtor's actual expenses and the regional averages used in the calculation. *Id.* at 658-59. Thus, we held that when a debtor's statements of actual income and expenditures show a net monthly income, the debtor has a *projected disposable* income that must be distributed to unsecured creditors over the applicable length of the plan, even if the debtor calculates a negative *disposable* income on Form 22C. *Id.* at 660.

It follows from *Frederickson* that the bankruptcy court's calculation of a debtor's projected disposable income can take into account changes in the debtor's financial circumstances that are reasonably certain to occur during the term of the debtor's proposed plan. Failure to consider such circumstances would be inconsistent with the admonition in *Frederickson* that "the object is not to select the right form, but to reach a reality-based determination of a debtor's capabilities to repay creditors." *Id*. (quoting *Kibbe v. Sumski* (*In re Kibbe*), 361 B.R. 302, 315 (1st Cir. BAP 2007)). The Fifth Circuit recently agreed, holding in *Nowlin v. Peake* (*In re Nowlin*), No. 08-20066, 2009 WL 2105356 (5th Cir. July 17, 2009), that a bankruptcy court can consider "reasonably certain future events" when calculating a debtor's projected disposable income. *Id.* at *7. The court in *Nowlin* thus affirmed a bankruptcy court's denial of confirmation when a debtor's plan failed to take into account the reasonably certain future termination of the debtor's 401(k) loan repayments during the term of the debtor's proposed plan. Similarly here, even if Lasowski is correct that it is appropriate for her to exclude the entire $150 she is currently repaying on her 401(k) loans from her disposable income on Form 22C, the bankruptcy court could not ignore, when calculating *projected* disposable income, that these payments would reduce to $100 per month after six months and end completely after thirteen months. Only by taking into account this fact could the bankruptcy court's determination of projected disposable income accurately reflect Lasowski's ability to pay her unsecured creditors over the course of her plan.

The bankruptcy court apparently believed that it could not consider that Lasowski's 401(k) loan payments would cease during the term of her plan, because to do so would conflict with § 1322(f), which provides that "[a] plan may not materially alter the terms of a loan" from a 401(k) or other specified retirement plan. *See Lasowski*, 375 B.R. at 530; *see also In re Haley*, 354 B.R. 340, 344 (Bankr. D.N.H. 2006); *In re Wiggs*, No. 06-70203, 2006 WL 2246432, at *3 (Bankr. N.D. Ill. Aug. 4, 2006) (unpublished). We disagree with this conclusion, because the calculations of disposable income and projected disposable income do not alter the terms of the 401(k) loan. *See Spalding v. Truman*, No. 08-064, 2008 WL 4566459, at *3 (N.D. Tex. Oct. 14, 2008); *In re Novak*, 379 B.R. 908, 911 (Bankr. D. Neb. 2007); *see also* 6 Keith M. Lundin, *Chapter 13 Bankruptcy* § 491.1, at 491-4 (3d ed. 2000 & Supp. 2006). These calculations simply determine the total amount that Lasowski must distribute to her unsecured creditors over the course of her plan. *See Novak*, 379 B.R. at 911. Interpreting "projected disposable income" to recognize the reasonably certain future termination of loan repayments does not require Lasowski to propose a plan that changes the terms of her 401(k) loans. Nor does it deprive her of sufficient funds to repay the loans, for she is free to propose a tiered plan that increases payments to unsecured creditors after the 401(k) payments have ceased.

For these reasons, we hold that the bankruptcy court erred in confirming Lasowski's plan, because the court did not accurately determine Lasowski's projected disposable income. Accordingly, we reverse the decision of the bankruptcy court, and remand for further proceedings.

_____