# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3049

_____

| | | |
|---|---|---|
| In re: Farmland Industries, Inc., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| _____ | * | |
| | * | |
| GAF Holdings, LLC, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Philip Rinaldi; Stanley Riemann, | * | Appeal from the United States |
| | * | Bankruptcy Appellate Panel for |
| Appellees, | * | the Eighth Circuit. |
| | * | |
| Black Diamond Capital | * | |
| Management, LLC, | * | |
| | * | |
| Robert Terry; Pegasus Capital | * | |
| Partners, L.P.; Pegasus Investors II, | * | |
| L.P.; Pegasus Capital Partners, L.P.; | * | |
| J.P. Morgan Trust Company, National | * | |
| Association, in its capacity as Trustee | * | |
| of the FI Liquidating Trust, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 18, 2010
Filed: April 4, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

GAF Holdings, LLC, appeals the decision of the United States Bankruptcy Appellate Panel for the Eighth Circuit (BAP) affirming the bankruptcy court's[1] order dismissing its complaint against Philip Rinaldi; Stanley Riemann; Robert Terry; Pegasus Partners II, L.P.; Pegasus Investors II, L.P.; Pegasus Capital Partners, L.P.; and J.P. Morgan Trust Company, National Association in its capacity as Trustee of the FI Liquidating Trust. Because GAF lacks standing, we affirm the bankruptcy court's dismissal of GAF's complaint.

I.

GAF was incorporated in 1999 to purchase a refinery from Farmland Industries, Inc. GAF could not obtain financing, and later Farmland filed Chapter 11 bankruptcy. Farmland submitted sale procedures for its Coffeyville assets, including its refineries and a coke-gasification fertilizer complex, to the bankruptcy court, and the court entered an order approving them. GAF did not object to the sale procedures.

GAF submitted a bid to Farmland for the Coffeyville assets, but Farmland rejected the bid. It determined that GAF was not a qualified bidder because the bid was submitted without the required 10% deposit of the bid amount, in an improper format, without required exhibits and schedules, and missing information necessary for Farmland to determine the bid's actual value. GAF did not contest the determination.

_____

[1]The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

-2-

On November 14, 2003, the bankruptcy court approved the sale of the Coffeyville assets to Coffeyville Resources, LLC (CRLLC), which was incorporated by Pegasus to make the purchase. In the sale order, the court found that the only qualifying bid was made by CRLLC, that the sale procedures were conducted in good faith, and that the purchase price under the sale agreement was fair, reasonable, and for sufficient value. GAF did not object to or appeal the sale order.

Instead, on February 2, 2004, GAF moved under Federal Rule of Civil Procedure 60(b) to set aside the sale order, contending that the sale was the product of collusion between Riemann, Terry, and CRLLC. Specifically, GAF asserted that Riemann, a former Farmland executive, had a conflict of interest at the time of the sale because he was discussing possible employment with CRLLC, that Riemann was now employed by CRLLC, and that GAF did not have the opportunity to conduct due diligence prior to submitting its bid on the Coffeyville assets. The bankruptcy court heard arguments on GAF's 60(b) motion and then denied it, concluding that the sale was conducted at arm's length and that there was insufficient evidence to support GAF's allegations. GAF did not appeal the denial of its 60(b) motion.

On February 20, 2004, the bankruptcy court entered an order that authorized an amendment to the sale agreement. The order also reaffirmed the terms of the sale order unaffected by the amendment, including the determination that the sale of the Coffeyville assets had been conducted in good faith. GAF did not challenge the order.

On February 27, 2007, GAF filed a complaint in bankruptcy court alleging that the appellees intentionally interfered with GAF's business expectancy in purchasing the Coffeyville assets and participated in a civil conspiracy to conceal the real value of the Coffeyville assets. The appellees moved to dismiss the complaint on various grounds. The bankruptcy court dismissed the complaint with prejudice, holding that GAF was attempting to make an impermissible collateral attack on its prior orders

approving the sale and that GAF failed to state a claim for which relief could be granted. Alternatively, the court held that GAF lacked standing.

On appeal, the BAP held that the bankruptcy court lacked subject-matter jurisdiction over GAF's state tort claims against non-debtor third parties. In re Farmland Indus., Inc., 378 B.R. 829 (B.A.P. 8th Cir. 2007). The BAP remanded the case to the bankruptcy court, instructing the court to dismiss GAF's complaint for lack of subject-matter jurisdiction. The defendants appealed the BAP's decision, and this Court reversed. In re Farmland Indus., Inc., 567 F.3d 1010 (8th Cir. 2009). We held that the bankruptcy court had subject-matter jurisdiction because GAF's claims are "related to" the bankruptcy of Farmland under 28 U.S.C. § 157(c)(1). Id. at 1020. We thus remanded the case to the BAP for a ruling on whether the bankruptcy court properly dismissed GAF's complaint. Id. at 1021. On remand, the BAP affirmed the bankruptcy court's dismissal of GAF's complaint. In re Farmland Indus., Inc., 408 B.R. 497 (B.A.P. 8th Cir. 2009) (holding that GAF lacked standing to sue and that GAF's complaint failed to state a claim, was barred by collateral estoppel, and was precluded by 11 U.S.C. § 363(m)).

## II.

In an appeal from a decision of the BAP, we sit as a second court of review. In re Lasowski, 575 F.3d 815, 818 (8th Cir. 2009). We independently review the bankruptcy court's decision applying the same standard of review as the BAP. Id. Thus, here we review the bankruptcy court's conclusions of law de novo. Id.

Before reaching the merits of a case, federal courts must ensure that Article III standing exists. Gray v. City of Valley Park, Mo., 567 F.3d 976, 982-83 (8th Cir. 2009); see also In re Res. Tech. Corp., 624 F.3d 376, 382 (7th Cir. 2010) ("Article III's standing requirements apply to proceedings in bankruptcy courts just as they do to proceedings in district courts."). The "irreducible constitutional minimum of

standing requires a showing of injury in fact to the plaintiff that is fairly traceable to the challenged action of the defendant." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 591 (8th Cir. 2009) (internal quotations omitted).

Here, GAF has not established an injury traceable to the appellees' actions. GAF contends that the appellees' actions caused GAF to lose the bid on the Coffeyville assets and thus the opportunity to profit from the transaction. However, GAF could only have purchased the Coffeyville assets through the bidding process approved by the bankruptcy court. In its order approving the sale of the Coffeyville assets to CRLLC, the bankruptcy court found that GAF's bid did not satisfy the auction and sale bidding procedure requirements. Although GAF asserts that the disqualification of its bid was "unjustified," GAF does not allege any facts suggesting that the appellees were responsible for the deficiencies in its bid. Moreover, GAF appealed neither the sale order nor the denial of its Rule 60(b) motion, both of which found that CRLLC was the only qualified bidder.

GAF urges that it has standing because its claim is for fraud on the court, and traditional standing analysis does not apply to claims for fraud on the court. See Universal Oil Prods. Co. v. Root Ref. Co., 328 U.S. 575, 580 (1946) (holding that federal courts have inherent power to investigate whether a judgment was obtained by fraud). However, GAF's complaint does not state a claim for fraud on the court. Fraud on the court is an extraordinary means by which to obtain equitable relief and requires the plaintiff to prove no adequate remedy at law. Superior Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010). GAF has not alleged that it has no adequate remedy at law. Further, the remedy GAF seeks—money damages—is at odds with a fraud on the court claim, for which the remedy is the setting aside of the fraudulently obtained court judgment. Id. In fact, GAF has expressly stated that it does not seek to undo the sale order approving the sale of the Coffeyville assets. Thus, under traditional standing analysis, GAF lacks standing.

III.

Accordingly, we affirm the bankruptcy court's order dismissing GAF's complaint.

_____