# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 18-1843
_____

In re: Theresa Marshall

*Debtor*

------------------------------

Theresa Marshall

*Appellant*

v.

Educational Credit Management Corporation; MOHELA

*Appellee*s

_____

## No. 18-1845
_____

In re: Theresa Marshall

*Debtor*

------------------------------

Theresa Marshall

*Appellant*

v.

Educational Credit Management Corporation; MOHELA

*Appellee*s

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: April 23, 2018
Filed: May 23, 2018
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Theresa Marshall appeals the Bankruptcy Appellate Panel's (BAP) orders dismissing her appeals for lack of jurisdiction. Marshall filed a Chapter 13 bankruptcy petition. Relevant to this appeal are the bankruptcy court's[1] orders, which overruled Marshall's objections to the proof of claim submitted by Educational Credit Management Corporation ("ECMC") and MOHELA, and denied her emergency motion to invalidate a transfer of a claim by ECMC. The BAP concluded that the notices of appeal regarding the July 28, 2017, and August 24, 2017, bankruptcy court orders were untimely, as they were filed beyond the 14-day deadline set forth in Rule 8002(a) of the Federal Rules of Bankruptcy Procedure. The BAP further concluded that Marshall's September 1, 2017, motion to require the bankruptcy court to reduce its oral findings to writing was

_____

[1] The Honorable Richard D. Taylor, United States Bankruptcy Judge for the Eastern District of Arkansas.

not a motion under Fed. R. Bankr. P. 7052 and thus did not toll the 14-day appeal deadline under Rule 8002(b).

We have jurisdiction to review final decisions of the BAP under 28 U.S.C. § 158(d). When reviewing a decision of the BAP, "we act as a second reviewing court of the bankruptcy court's decision, independently applying the same standard of review as the BAP." In re Lasowski, 575 F.3d 815, 818 (8th Cir. 2009) (citing Eilbert v. Pelican (In re Eilbert), 162 F.3d 523, 525 (8th Cir.1998)). We review *de novo* the BAP's determination on jurisdiction. See In re O & S Trucking, Inc., 811 F.3d 1020, 1023 (8th Cir. 2016).

Upon review of the record, we hold that the BAP did not err in dismissing, for lack of jurisdiction, Marshall's untimely appeal from the bankruptcy court's orders at issue in this consolidated appeal. Because it is apparent from the record that the notices of appeal were untimely and there is no set of facts to support equitable tolling, we need not reach the issue of whether the September 1, 2017, motion falls within the parameters of Rule 7052. Accordingly, we affirm. See 8th Cir. R. 47A

_____